No. ——

**First Circuit**

**WILSON v. FERGUSON**

(June 7, 1927. Opinion and Decree.)
(June 28, 1927. Rehearing Refused.)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Automobiles—Par. 4. 345, 377, 378.**

Under Article 233 of the Constitution 1898 and Section 11 of Article X of the Constitution of 1921 a tax title gave the purchaser civil or constructive possession of the land and the prescription of three years is sufficient to defeat the claim of another record owner of the property.

Appeal from the Parish of Livingston. Hon. Columbus Reid, District Judge.

Action by Maurice C. Wilson against J. B. Ferguson.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Ellis & Ellis, of Amite, attorneys for plaintiff, appellant.

S. S. Reid, of Amite, attorney for defendant, appellee.

MOUTON, J. Plaintiff claims title to the N. W. ¼ of the S. W. ¼ of Section 10, T. 6, S. R. 4, situated in Livingston Parish. He derives his title from Redick Sibley. He alleges that the tract to which he asserts title from Sibley is wild land, and for the past years has never been in the actual physical possession of any one. The defendant also traces his title, though of a later date, to Sibley, the common author of the litigants, but lays no claim to the physical, actual or real possession of the property. As neither plaintiff nor defendant asserts actual possession, the claim of title is therefore beween record owners, and is governed by the provisions of Act 38, 1908, p. 38.

The defendant pleads the prescription of three years under Article 233, Constitution 1898; and Section 11, Article 10, Constitution 1921.

The proof shows that the land which had been acquired by Theilman from Sibley, common author as above stated, was, on June 12, 1912, sold at tax-sale for delinquent taxes of 1911, assessed to Thielman, then the record owner. The land was adjudicated, at this tax-sale, to L. B. Harris, who thereafter sold to Thielman from whom John Brashear acquired and subsequently, in 1916, deeded it to defendant.

There is no contention on the part of the plaintiff of dual assessment or payment of the taxes prior to the tax-sale. He is simply claiming as record owner, against defendant, also a record owner under the tax deed. This tax title was recorded in the Parish of Livingston, and gave defendant a civil or constructive possession of the land. This suit having been instituted far more than three years after the recording of this tax adjudication, defendant, as against plaintiff a claim-

ant as record owner, is entitled to the property under his plea of three years prescription. Ashley Co. vs. Bradford, 109 La. 641, 33 South. 634; in re Seim, 111 La. 554, 35 South. 744.

The judgment recognizing defendant as owner, and rejecting plaintiff's demand is therefore affirmed.